Taliaferro, J.
There are two appeals in this case growing out of a contest between the plaintiff, or rather Ms subrogee, J. A. Cire, and the intervenor, for the ownership of a judgment obtained by Powhatan Wooldridge against the defendant, E. Monteuse. In both proceedings Cire was successful. The intervenor has appealed from both judgments. Cire having caused a fi. fa. to issue on the judgment against Monteuse, Hedrick, the intervenor, took a rule against him to show cause why the writ should not be quashed, on the ground that he, the intervenor, and not Cire, was the real owner of the judgment against Monteuse. The intervenor claims title by virtue of an alleged purchase by him of the judgment at a sheriff’s sale, made under fi. fa. *80 in the suit of M. S. Hedrick v. E. Wooldridge, No. 42,345 of the docket of the Fourth District Court of New Orleans. It appears that Powhatan Wooldridge transferred the judgment he obtained against Monteuse to Edmund Wooldridge, a resident of the'State of Kentucky, and that Edmund Wooldridge, by his agent, E. R. Hogan, transferred it to Cire. Hedrick having claims against Edmund Wooldridge instituted proceedings against him as an absentee, by attaching the judgment against Monteuse as the property of his debtor, and having a curator ad hoc, appointed to represent him. Obtaining judgment in this suit he caused execution to issue, and the judgment to be seized and sold, and at the sheriff’s sale became the purchaser. The averments of the rule on Cire not only assert title in "Hedrick but attack that of Cire, on the alleged grounds that' E. R. Hogan, by whom, as agent of Edmund Wooldridge, the transfer and assignment to Cire was executed, was without authority to execute it; that prior to service of notice of the transfer to Cire, on Monteuse, the judgment debtor, notice of attachment of the judgment had been served upon him, in the suit of Hedrick v. Edmund Wooldridge, in the Fourth District Court; that Cire gave no consideration for the transfer, and that it was simulated and fraudulent; that at the time of the transfer Edmund Wooldridge was insolvent, was a resident of Kentucky, and that the judgment in this case was the only property he had in this State, and that therefore the judgment to Cire was of no avail, even if made to pay an existing debt.
In answer to the rule Cire sets forth—
First — That the alleged judgment, execution and sheriff’s sale under which Hedrick claims title are all absolute nullities, for the reason that it appears on the face of the proceedings in the suit No. 42,345, of the Fourth District Court, and of the sheriff’s returns therein, that no service of either citation or attachment was ever made on Edmund Wooldridge, he being absent from the State as alleged in the petition and affidavit, and no copy either of the citation or of the attachment was ever posted, as required by law, at the door of the room where the court was held.
Second — That the court was without jurisdiction of the cause, and its judgment a nullity, not only by reason of the want of service of the attachment or the citation, but for the further reason that it does not appear from the return of the sheriff on the writ of attachment, or otherwise, in said suit in the Fourth District Court, that any property, right or credit of Edmund Wooldridge was ever levied upon under said writ.
Third — That prior to the pretended levy under said writ, all the right of Edmund Wooldridge in and to the judgment of Powhatan *81 Wooldridge against E. Monteuse, had been transferred to Cire ; that E. R. Hogan, by whom, as agent of Edmund Wooldridge, the assignment was executed, was fully empowered to execute it; that the consideration of the assignment was money actually loaned or deposited with Edmund Wooldridge, amounting in principal to $1200, and together with interest to the date of assignment to about $1431; that the whole transaction was in perfect good faith, and all the averments in the rule of fraud, collusion and want of consideration, false in every particular.
Fourth — That if .the averments of the rule were true, instead of being false, they would not entitle the plaintiff in rule, by summary proceeding of that character and without affidavit and bond, to correct the execution of a ft- fa.
Fifth — That the assignment from Edmund Wooldridge to Cire can not be attacked by allegations of the insolvency of Wooldridge, of fraud and collusion, in a summary proceeding by,rule, but only in .a regular revocatory action.
Upon a trial of the rule, evidence at large was gone into by both parties on the merits of their respective titles.
We are of the opinion, from an examination of the evidence, that the consideration of the transfer of the judgment from Edmund Wooldridge to Cire, was money owing to the latter by Wooldridge. The power of Hogan, the attorney in fact, to make the transfer is ample. As a witness, he testifies that prior to his transfer of the judgment he had not received notice of Hedrick’s seizure of it.
The objections to the title of the intervenor are of a graver character. Wooldridge being an absentee, he could only bring him before the courts of this State by attaching his property within the State. The mode of citation in such cases is marked out by the 254th article of the Code of Practice. “ If, on the contrary, the defendant has no known place of residence, conceal his person, be absent, or reside out of the State, in such case the sheriff shall serve the attachment and citation by affixing copies of the same on the door of the room where the court in which the suit is pending is held.”
In this case there was four citations and returns made. The curator ad hoe first appointed having died pending the suit, another was appointed. The first citation was issued on the twentieth of May, 1873. The sheriff’s return recites “ that after search and inquiry I was unable to find E. Wooldridge, or any one to represent him, and I am credibly informed he resides out of the State. Returned same day.” . The other citations were served upon curators ad hoc. The returns in each of these cases are simply that service of the petition and citation were made on the eiwator ad hoe in person, mentioning the name of the *82 curator. It appears from the returns of the sheriff that in neither of the eases were copies of the attachment and citation affixed to the door of the room where the court in which the suit was pending is held. Proof of service of citation is not a matter in pais, but must appear by the sheriff’s return. 21 An. 26. A court can presume nothing with regard tea party being cited. 5 N. S. 429; 1 Rob. 30 ; 13 An. 374. In the case of Patterson v. R. R. Coy, 3 R. 232, the court said: “We have repeatedly held that the formalities prescribed by article 254 of the Code of Practice stand in lieu of citation, and that they form the basis on which all subsequent proceedings in the case must rest, and that their omission was a radical defect which rendered null and void all that had been done in the case after the filing of the petition.” Also to the same effect are the cases 9 An. 552; 23 An. 772 ; 24 An. 512.
We must regard the failure to serve the proper citation as fatal to the intervenor’s claim to be the owner of the judgment forming the object of this litigation. The judgment of the lower court discharging the rule, we think, was properly rendered. Subsequently to the taking of an order for a suspensive appeal, on the part of the intervenor, it was decided by the court below that the appeal did not suspend execution on the fi■ fa. The intervenor then filed a petition of third opposition praying for an injunction. Upon this petition, affidavit being made and bond given, an injunction was issued. Cire, thereupon, excepted to the proceeding on the ground that the petition on its face does not allege a state of facts, which if true, would entitle Hedrick to proceed against Cire by way of third opposition in this suit; that all the causes of action averred in the petition were before averred in the rule; that Cire joined issue upon all of them, and moreover averred in his answer, among other grounds of defense, the nullity of the judgment in the suit No. 42,345 of the Fourth District Court, then set up in the rule, and now again set up in the petition, as the source of Hedrick’s title; that upon all these issues trial was had, and judgment rendered declaring the nullity of the judgment set up by Hedrick; that from the judgment discharging the rule Hedrick has taken an appeal, which is still pending; that the grounds of action of the rule and of the petition are the same, and the pendency of appeal supports the plea of lis pendens, which is pleaded; and if Hedrick elects to abandon the appeal, then the judgment discharging the rule will support the plea of res judicata, which may be interposed at any time. The judgment on the third opposition maintained the exception and dismissed the opposition with costs.
We think the decree of the lower court was properly rendered.
Judgment affirmed.
Rehearing refused.